UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TIMOTHY SCOTT MCKENY,**

    **Plaintiff,**

                              Civil Action 2:14-cv-2659
    v.                             Judge James L. Graham
                              Magistrate Judge Elizabeth P. Deavers

**DEAN RENEE MIDDLETON,** *et al.,*

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Undersigned for consideration of Plaintiff's Motion to Strike Defendants' Answer (ECF No. 6), Plaintiff's Application for Entry of Default Judgment (ECF No. 5), and Defendants' Response in Opposition to Plaintiff's Motion to Strike Answer and Application for Entry of Default (ECF No. 7). The Court referred the Motion to Strike to the Undersigned for a Report and Recommendation. (ECF No. 10.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion to Strike Defendants' Answer and Application for Entry of Default be **DENIED**.

**I.**

Plaintiff filed his Complaint on December 18, 2014, alleging that Defendants discriminated against him in violation of state and federal law when they denied his application for tenure and promotion. (ECF No. 1.) Defendants executed a waiver of service, which indicated that they had sixty (60) days from December 19, 2014 to file an Answer. (ECF No. 2.) Accordingly, Defendants' answer was due on February 17, 2015. On February 18, 2015, Defendants filed their Answer. (ECF No. 3.) On March 2, 2015, Plaintiff filed an Application

for Entry of Default against Defendants and a Motion to Strike Defendants' Answer. (ECF Nos. 5, 6.) On March 3, 2015, Defendants filed a Response in Opposition to Plaintiff's Application for Entry of Default and Motion to Strike, contending that counsel for Defendants inadvertently calendared the Answer as being due on February 18, 2015 instead of February 17, 2015. (ECF No. 7.)

## II.

When a Plaintiff moves to strike an answer as untimely, the motion is treated as a motion for entry of default against the Defendant. *Amari v. Spillan*, No. 2:08-cv-829, 2009 WL 5216042 (S.D. Ohio Dec. 29, 2009). This Court has explained as follows:

> Plaintiff here has filed a motion to strike an answer, the substance of which argues that [Defendant's] failure to timely file an answer is a default. Thus, Plaintiff's motion is equivalent to a motion for entry of default under Federal Rule of Civil Procedure 55(a), and this Court accepts it as such. [Defendant] has filed a memorandum in opposition to Plaintiff's motion, in which it has received the opportunity "to present mitigating circumstances that [it] would have had if a default had been entered and [it] had moved under Rule 55(c) to set aside." *Id.* Thus, in substance [Defendant's] opposition memorandum is a motion to set aside a default, and this Court shall accept it as such. *See also United Coin Meter Co. v. Seabord Coastline R.R.,* 705 F.2d 839, 844 (6th Cir. 1983) ("answer or other opposition to a motion for default may be treated as a motion to set aside entry of default.")

*Id.* at 3. Here, Plaintiff contends that Defendants' Answer should be stricken and default should be entered against them because they filed their Answer one day out of rule. In their Response in Opposition, Defendants contend that Plaintiff is not entitled to default judgment. Under these circumstances, Plaintiff's Motion is treated as a motion for entry of default and Defendants' Response is treated as a motion to set aside entry of default.

Federal Rule of Civil Procedure 55(c) provides that "a court may set aside an entry of default for good cause." Fed. R. Civ. P 55(c). The Court of Appeals for the Sixth Circuit has identified three relevant factors for a court to consider in determining whether "good cause"

exists to set aside an entry of default.  Those factors include (1) whether culpable conduct on the part of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the Plaintiff will be prejudiced.  *Krowtoh II LLC v. ExCelsius Intern. Ltd.*, 330 F. App'x 530, 535 (6th Cir. 2009).  The Court also notes that the United States Court of Appeals for the Sixth Circuit has recognized a policy favoring judgments on the merits as opposed to default.  *See, e.g.*, *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010).

**III.**

Here, Plaintiff moves to strike Defendants' Answer and for entry of default against Defendants for filing their Answer one day out of rule.  Defendants contend that their answer should not be stricken and that Plaintiff is not entitled to default judgment because (1) Plaintiff has not established any prejudice as a result of a one day delay in filing the Answer, (2) Defendants have raised meritorious defenses, and (3) Defendants did not engage in culpable conduct in filing the answer one day late.  (Def.'s Resp. in Opp, ECF No. 7.)

The Undersigned agrees with Defendants.  First, Plaintiff has not demonstrated any prejudice as a result of the untimely filing of Defendants' Answer.  The Answer was filed one day late.  Given that this case is still in its early stages and discovery has not yet commenced, Plaintiff will not be prejudiced by the one-day delay.  In addition, Defendants have raised meritorious defenses in their Answer.  For example, Defendants raise the issue of whether this Court has jurisdiction to hear Plaintiff's claims.[1]  Finally, Defendants did not engage in culpable conduct in filing the Answer out of rule.  Counsel for Defendants' asserts in his affidavit that a calendaring error led to the filing of the Answer one day late.  *See Krowtoh II LLC*, 330 F. App'x at 536 ("[F]or a defendant's actions to constitute culpable conduct, the 'defendant must display

---

[1] To be clear, the Undersigned is not opining on the merits of any of Defendants' defenses. Nothing in this Report and Recommendation should be construed as a determination on the substantive defenses raised in Defendants' Answer.

3

either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings,' rather than negligent conduct."). Finally, the Undersigned recognizes that the policy favoring judgments on the merits as opposed to default supports a denial of Plaintiff's Motion to Strike and Application for Entry of Default. *See, e.g.*, *$22,050.00 U.S. Currency*, 595 F.3d at 324.

For these reasons, the Undersigned concludes that entry of default is inappropriate in this case. The Undersigned therefore **RECOMMENDS** that the Court **DENY** Plaintiff's Motion to Strike Defendants' Answer and his Application for Entry of Default. (ECF Nos. 6, 5.) The Undersigned further **RECOMMENDS** that Defendants' Answer be treated as timely.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

4

magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:   April 8, 2015                                           /s/ *Elizabeth A. Preston Deavers*
                                                                                          Elizabeth A. Preston Deavers
                                                                                          United States Magistrate Judge