IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Timothy Scott McKeny, Ph.D.,

    Plaintiff,                               Case No: 2:14-cv-2659

    v.                                           Judge Graham

Dean Renee Middleton, *et al*.,

    Defendants.

<u>Opinion and Order</u>

Plaintiff Timothy Scott McKeny, a former assistant professor at Ohio University, brings this action under federal and state law alleging that he was discriminated against on the basis of his sexual orientation when he was denied tenure by the University.  The complaint names Ohio University, President Roderick McDavis, Provost Pam Benoit and Dean Renee Middleton as defendants.  The individual defendants are sued in their official and individual and capacities.  The complaint asserts numerous state law claims, including for breach of contract, discrimination in violation of Ohio Revised Code § 4112.02, civil conspiracy and infliction of emotional distress.  The complaint also asserts a claim for discrimination in violation of Title VII of the Civil Rights Act of 1964, as well as a claim under 42 U.S.C. § 1983 for discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

This matter is before the court on defendants' motion for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  The standard applied to motions for judgment on the pleadings is the same standard applicable to motions to dismiss under Rule 12(b)(6).  See <u>Warrior Sports, Inc. v. National Collegiate Athletic Ass'n</u>, 623 F.3d 281, 284 (6th Cir. 2010).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  <u>JPMorgan Chase Bank, N.A. v. Winget</u>, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted).

**State Law Claims**.  Defendants argue that Ohio University is immune under the Eleventh Amendment from liability as to plaintiff's state law claims.  See <u>Grinter v. Knight</u>, 532 F.3d 567, 572 (6th Cir. 2008) (citing <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 66 (1989)).  In response,

Plaintiff concedes that he "is not attempting to bring any state law action against Defendant Ohio University."  (Doc. #28 at PAGEID 799).

Defendants next argue that the individual defendants are immune against the state law claims because plaintiff pursued a cause of action against them in the Ohio Court of Claims based on the same allegations raised here.  Ohio law provides for a conditional waiver of state sovereign immunity when the Ohio Court of Claims determines that the "act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."  Ohio Rev. Code § 2743.02(A)(1).  See also McCormick v. Miami Univ., 693 F.3d 654, 665 (6th Cir. 2012) (holding that a federal court must dismiss state law claims against state employees unless the Court of Claims determines that the employees are not entitled to immunity).

The Ohio Court of Claims has rendered an adjudication of plaintiff's claim, holding that "the evidence is clear and unambiguous that Dean Middleton, Provost Benoit, and President McDavis were acting within the scope of their employment in their decisions to deny Plaintiff tenure.  Consequently, they are entitled to civil immunity [under O.R.C. § 2743.02]."  (Doc. #41-1 at PAGEID 2682).

Plaintiff does not dispute that the individual defendants are immune from liability as to his state law claims.

**Title VII Claim**.  The individual defendants argue that they cannot not be held personally liable under Title VII, which applies to "an employer."  See 42 U.S.C. § 2000e-2(a); see also Griffin v. Finkbeiner, 689 F.3d 584, 600 (6th Cir. 2012) ("An individual cannot be held personally liable for violations of Title VII.").  In response, plaintiff concedes that the "Title VII claim does not apply to the Individual Defendants."  (Doc. #28 at PAGEID 806).

Next, defendants argue that plaintiff failed to exhaust his administrative remedies to the extent he is alleging discrimination based upon either gender discrimination or gender stereotyping.  See Randolph v. Ohio Dep't of Youth Servs., 453 F.3d 724, 731-32 (6th Cir. 2006) (discussing the exhaustion requirement).  The complaint contains allegations that plaintiff was "openly gay" and maintained an appearance and had mannerisms that did not conform to traditional notions of what is appropriate for a man.  In the Charge of Discrimination filed with the Equal Employment Opportunity Commission, plaintiff checked the box for a claim of "sex" discrimination, but the substance of what he alleged in the Charge was discrimination based upon his sexual orientation, as opposed to either traditional gender discrimination or discrimination based upon his failure to

conform to gender stereotypes.  Defendants cite a case distinguishing a sexual orientation claim from a claim alleging discrimination based upon gender stereotyping.  See Vickers v. Fairfield Med. Ctr., 453 F.3d 757, 763-64 (6th Cir. 2006) (discussing Dawson v. Bumble & Bumble, 398 F.3d 211, 218 (2d Cir. 2005) and noting "the faulty logic in viewing what is, in reality, a claim of discrimination based on sexual orientation as a claim of sex stereotyping").

In response, plaintiff agrees that the essence of his claim is one for discrimination based upon his sexual orientation.  But he emphasizes that an aspect of his claim (and a means of proving it) will be how the individual defendants perceived his non-conformity with gender stereotypes to be an indication of his sexual orientation.

The court finds that there is no genuine disagreement between the parties here.  Plaintiff clearly exhausted his administrative remedies regarding his claim for sexual orientation. (Doc. #14-17).  And plaintiff views his allegations of gender non-conformity not as a stand-alone Title VII claim, as in Vickers, but as supporting his sexual orientation claim.  Further, there is no dispute that plaintiff is not asserting a traditional gender discrimination claim.

Defendants additionally argue that the Title VII claim fails because the claim is time-barred and because sexual orientation is not a protected category.  These same issues have been raised in defendants' recent motion for summary judgment and have been given a more thorough treatment in the parties' briefs relating to that motion.[1]  The court will defer addressing these two issues until it rules on the motion for summary judgment.

**Section 1983 Claims**.  As with the Title VII claim, defendants' motion for judgment on the pleadings argues that the § 1983 claims fail because they are time-barred and because sexual orientation is not a protected category.  The court will defer addressing these issues and will consider them in connection with the motion for summary judgment.

---

[1]  With respect to the statute of limitations argument, the parties' summary judgment briefs cite evidence (extrinsic to the complaint and answer) that they feel is relevant to whether the denial of tenure by the various defendants should be considered to be an unbroken series of negative decisions, see Delaware State Coll. v. Ricks, 449 U.S. 250, 262 (1980), or viewed as a process that began anew when the Ohio University Faculty Senate Committee on Tenure and Promotion took action, after Dean Middleton's and Provost Benoit's initial denials of tenure application, that caused Dean Middleton and Provost Benoit to consider the tenure application for a second time.

With respect to sexual orientation as a protected category, the parties cite continuing case law developments in the wake of Obergefell v. Hodges, __ U.S. __, 135 S. Ct. 2584 (2015).

Finally, defendants argue that plaintiff, in opting to pursue a claim based on the same conduct in the Ohio Court of Claims, waived his § 1983 claims against the individual defendants in their individual capacities.  The court agrees, as binding Sixth Circuit precedent squarely holds that the filing of a claim in the Ohio Court of Claims constitutes a waiver of the right to file a federal cause of action under § 1983 against individual defendants based on the same conduct.  <u>Leaman v. Ohio Dep't of Mental Retardation & Development Disabilities</u>, 825 F.2d 946, 951-52 (6th Cir. 1987) (en banc); <u>Thomson v. Harmony</u>, 65 F.3d 1314, 1318-19 (6th Cir. 1995); <u>Turker v. Ohio Dep't of Rehab. & Corr.</u>, 157 F.3d 453, 458 (6th Cir. 1998) (holding in a § 1983 action that "[b]ecause we are bound to follow both <u>Leaman</u> and <u>Thomson</u>, we agree with the district court's finding that Turker waived any monetary claims against the defendants in federal court when she filed her action in the Court of Claims").

**<u>Conclusion</u>**.  Accordingly, defendants' motion for partial judgment on the pleadings (doc. #26) is granted in part.  The motion is granted as to all of plaintiff's state law claims, Title VII claims against the individual defendants and § 1983 claims against the individual defendants in their individual capacities.  The court defers consideration of the remainder of defendants' arguments until it resolves the pending motion for summary judgment.

<u>s/ James L. Graham</u>  
JAMES L. GRAHAM  
United States District Judge

DATE: September 16, 2016